UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| Alejandra Solano, et al., | 2:15-cv-01690-JAD-CWH |
|---|---|
| Plaintiffs | |
| v. | **Order Granting Defendants' Motion to Dismiss with Limited Leave to Amend** |
| Las Vegas Metropolitan Police Department, et al., | |
| Defendants | [ECF No. 16] |

Alejandra Solano, as guardian ad litem for her three minor children, sues the Las Vegas Metropolitan Police Department ("Metro"), Sheriff Douglas Gillespie, Sergeant David Aspiazu, and three correctional officers in connection with the death of her ex-husband, Luis Solano, who died while detained pretrial in the psychiatric unit of the Clark County Detention Center. Defendants move to dismiss, arguing that Ms. Solano failed to state a federal claim upon which relief can be granted because she lacks standing and her allegations are implausible. Defendants also seek dismissal of Ms. Solano's state-law claims as time barred. While Ms. Solano concedes that some of her state-law claims are improperly plead, she argues that her federal claims are plausible and requests leave to amend any insufficiently pled claims. Because I find that Ms. Solano's claims fail as a matter of law, I dismiss them with prejudice—with the exception of her second and third claims for relief, which Ms. Solano may amend.[1]

**Discussion**

**A.    Motion to dismiss—standard**

A properly pleaded complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief."[2] While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of

---

[1] I find this motion suitable for disposition without oral argument. L.R. 78-2.

[2] FED. R. CIV. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

action."[3]  "Factual allegations must be enough to rise above the speculative level."[4]  To survive a motion to dismiss, a complaint must "contain [] enough facts to state a claim to relief that is plausible on its face."[5]

District courts must apply a two-step approach when considering motions to dismiss.[6]  First, the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences from the complaint in the plaintiff's favor.[7]  Legal conclusions, however, are not entitled to the assumption of truth even if cast in the form of factual allegations.[8]  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice.[9]

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief.[10]  A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.[11]  If the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not shown—that the pleader is entitled to relief."[12]  When the claims have not crossed the line from conceivable to plausible, the complaint must be dismissed.[13]  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific

---

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *Twombly*, 550 U.S. at 555.

[5] *Iqbal*, 556 U.S. at 696 (internal quotation marks and citation omitted).

[6] *Id.* at 679.

[7] *Id.*; *Brown v. Elec. Arts, Inc*. 724 F.3d 1235, 1247-48 (9th Cir. 2013).

[8] *Iqbal*, 556 U.S. at 679; *Brown*, 724 F.3d at 1248.

[9] *Iqbal*, 556 U.S. at 678.

[10] *Id.* at 679.

[11] *Id.* at 663.

[12] *Id.* at 679 (internal quotation marks and citation omitted).

[13] *Twombly*, 550 U.S. at 570.

task that requires the [district] court to draw on its judicial experience and common sense."[14]

**B.      Ms. Solano has failed to state a plausible federal claim.**

In her complaint, Ms. Solano alleges three federal claims under 42 U.S.C. § 1983: a Fourth and Fourteenth Amendment excessive-force claim on behalf of Mr. Solano; a Fourteenth Amendment substantive-due-process claim for Solano's children's loss of the parental relationship; and a *Monell* claim.[15]

*1.      Ms. Solano lacks standing for the excessive-force claim.*

Defendants argue that Ms. Solano lacks standing to pursue her first claim for relief in which she alleges that the defendants' use of excessive force on Mr. Solano violated his Fourth and Fourteenth Amendment rights.  As the Ninth Circuit explained in *Moreland v. Las Vegas Metropolitan Police Department*, Fourth and Fourteenth Amendment claims are personal, and only the pretrial detainee who suffered those Constitutional violations or his estate—but not his heirs—has standing to bring those claims.[16]  Ms. Solano makes it clear in her response to the motion to dismiss that she does not intend to represent Mr. Solano's estate; she brings this lawsuit only on behalf of his children.[17]  I construe this concession as an express abandonment of any excessive-force claim, and I dismiss Ms. Solano's first claim for relief with prejudice because she lacks standing to bring this excessive-force claim, as she impliedly concedes.

*2.      The substantive-due-process claim is insufficiently pled.*

I dismiss Ms. Solano's second claim—which pleads a substantive-due-process violation—with leave to amend.  The allegations in support of this claim are conclusory and fail to state a

---

[14] *Iqbal*, 556 U.S. at 679.

[15] *See* ECF No. 4 at ¶¶ 39–71.

[16] *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 370 (9th Cir. 1998) (stating that § 41.100(3) does not authorize "family members or heirs to bring a survival action independent or in lieu of the estate's claim."); *see also* NEV. REV. STAT. § 41.100(3) (extending the right to bring a survival action only to the official representatives of an individual's estate).

[17] ECF No. 20 at 2 ("This case is not to bring the claims of the Estate of Luis Solano, but the Minor Children only.  As such, the claims under 42 U.S.C. 1983 are limited to the Fourteenth Amendment substantive due process claims, and not under the Fourth Amendment.").

claim, but I am not yet convinced that amendment would be futile, and the Ninth Circuit has directed that "Leave to amend should be granted unless the pleading 'could not possibly be cured by the allegation of other facts.'"[18]

For her substantive-due-process claim, plaintiff alleges merely that defendants "commenced to assault, batter, and otherwise detain Solano" by kneeling on top of him for three minutes while Solano gasped, "I can't breathe."[19]  As I recently explained when granting summary judgment in favor of the defendants on a similar claim in the estate's related lawsuit, these allegations (even when supported by competent evidence) fall short of the high standard set by the Fourteenth Amendment.[20]  A substantive-due-process claim must "shock the conscience"[21]; the plaintiff must show that the correctional officers acted with a purpose to harm Solano that was unrelated to legitimate law-enforcement objectives.[22]  Ms. Solano's complaint does not even recite these elements, let alone plead facts that would allow me to infer that an actionable substantive-due-process violation may have occurred.  Ms. Solano has until June 22, 2016, to file an amended complaint containing this claim if she can plead facts to support the shocks-the-conscience standard necessary to state a plausible claim for a substantive-due-process violation.

### 3. *Monell* claim

Finally, because I am dismissing Ms. Solano's Fourth and Fourteenth Amendment claims, I must also dismiss her *Monell* claim.  Without a plausible constitutional violation, a plaintiff cannot

---

[18] *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000)).

[19] *See* ECF No. 4 at ¶¶ 25–29, 52.

[20] *See Zelaya v. LVMPD*, 2:13-cv-01181-JAD-CWH, 2016 WL 697782, at *10–11, n. 170 (D. Nev. Feb. 29, 2016).

[21] *Porter v. Osborn*, 546 F.3d 1131, 1137 (9th Cir. 2008) ("The Supreme Court has made it clear . . . that only official conduct that 'shocks the conscience' is cognizable as a due process violation.").

[22] *Id.* (citation omitted).

1  state a viable a *Monell* claim.[23]  But because I grant Ms. Solano leave to amend her substantive-due-
2  process claim, I also grant her leave to amend her *Monell* claim to the extent it is based on an
3  actionable substantive-due-process violation.

4  **C.    Ms. Solano's state-law claims are time barred.**

5  Defendants also seek dismissal of Ms. Solano's state-law claims, arguing that they are time
6  barred under Nevada's claim-notice statute, NRS 41.036(2).  Ms. Solano expressly agrees to dismiss
7  her sixth and seventh claims for negligence and negligent supervision and training, so I dismiss each
8  of these claims on that basis.[24]  With respect to her remaining state-law claims, she does not dispute
9  that she missed NRS 41.036(2)'s two-year deadline; instead, she asserts that her claims should be
10 tolled because "in many jurisdictions, minors have been excused from compliance with notice
11 provisions because they are powerless to act."  However, NRS 41.036(2) does not contain a tolling
12 provision, and the authorities Ms. Solano cites are nonbinding and inapposite.

13 For instance, Ms. Solano relies on dicta from *Turner v. Staggs*, in which the Nevada Supreme
14 Court stated, "[w]e *could* conclude that minority alone will excuse compliance with the notice
15 requirements of NRS 244.245 and NRS 244.250."[25]  But this statement does not help Ms. Solano's
16 case.  In addition to being dicta, it addresses a different statute and contradicts the proposition for
17 which it is cited: that a plaintiff's minority *does* excuse compliance with notice requirements in
18 Nevada.[26]

19 Ms. Solano also contends that her state-law claims should not be dismissed because her

---

[23] *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) ("If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have authorized the [constitutional violation] is quite beside the point.").

[24] ECF No. 20 at 9.

[25] *Turner v. Staggs*, 89 Nev. 230, 234 (Nev. 1973) (emphasis added).

[26] *See also Zaic v. Las Vegas Metro. Police Dep't*, No. 2:10–cv–01814– PMP, 2011 WL 884335, at *3 (D. Nev. Mar. 11, 2011) (holding that NRS 41.036(2)'s two-year notice requirement does not violate equal protection); *Rodrigues v. Washinsky*, No. 55214, 2011 WL 4396711, at *2 (Nev. Sept. 20, 2011) (holding that NRS 41A.097's lack of a minority tolling provision does not violate the Constitution and reflects the Nevada Legislature's legitimate interests).

children are indispensable parties under FRCP 19(a)(1). But Rule 19 is also inapplicable. Ms. Solano is not seeking to join an existing lawsuit; she is opposing the dismissal of her own independent action. Even if I overlooked this fact, I would not conclude that Ms. Solano's children are indispensable to the related action[27] because Nevada law permits the personal representative and the decedent's children "to maintain separate suits."[28] I therefore dismiss Ms. Solano's state-law claims with prejudice because they are time barred.

**D.    Solano concedes the dismissal of her claims against Sheriff Gillespie.**

Finally, I also dismiss all claims against Sheriff Gillespie with prejudice because Ms. Solano expressly consents to the dismissal of those claims.[29]

## Conclusion

Accordingly, IT IS HEREBY ORDERED that defendants' **motion to dismiss [ECF No. 16] is GRANTED**:

- All claims against **Sheriff Gillespie are dismissed with prejudice**;
- Plaintiff's **first, fourth, fifth, sixth, seventh, and eighth claims are dismissed with prejudice**;
- Plaintiff's **second and third claims are dismissed without prejudice and with leave to amend. Plaintiff has until June 22, 2016, to file an amended complaint** stating a substantive-due-process claim and *Monell* claim based on that alleged violation if she can plead true facts to support them. If plaintiff fails to file a timely amended complaint curing the defects in these claims, this case will be dismissed in its entirety and closed.

Dated this 2nd day of June, 2016

_____
Jennifer A. Dorsey
United States District Judge

---

[27] *See Flores-Zelaya v. Las Vegas Metro. Police Dep't*, No. 2:13–cv–1181–JAD–CWH, 2016 WL 697782, *11 (D. Nev. Feb. 19, 2016).

[28] *See* NEV. REV. STAT. § 41.085.

[29] *See* ECF No. 20 at 9.