RYAN ALEXANDER
Nevada Bar No. 10845
RYAN ALEXANDER, CHTD.
3017 West Charleston Blvd., Ste. 58
Las Vegas, NV 89102
Phone: (702) 868-3311
Fax: (702) 822-1133
Email: Ryan@RyanAlexander.us
*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| ALEJANDRA SOLANO as Legal Guardian for G.S., A.S. and L.S., Minors,<br><br>Plaintiff,<br><br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a political subdivision of the State of Nevada; SGT DAVID ASPIAZU, individually and in his capacity; CORRECTIONS OFFICER BRADLEY TEMPLE, individually and in his capacity; CORRECTIONS OFFICER PATRICK GRAY, individually and in his capacity; CORRECTIONS OFFICER EUGENE DIXON, individually and in his official capacity; DOE OFFICERS I through X, individually, and in their official capacity; and DOES XI through XX; and ROE CORPORATIONS XXI through XXX, inclusive,<br><br>Defendants. | Case No.: 2:15-cv-01690-JAD-CWH<br>Hon. Jennifer A. Dorsey<br><br>**SECOND AMENDED COMPLAINT** |

COMES NOW, ALEJANDRA SOLANO as Legal Guardian for G.S., A.S. and L.S., Minors, by and through her attorney RYAN ALEXANDER, ESQ. of the law firm of Ryan Alexander, Chtd., and hereby files her Second Amended Complaint against the above-named Defendants, as follows:

## JURISDICTION AND VENUE

1.  This action seeks monetary damages and injunctive relief for violations of the civil rights, privileges and immunities guaranteed under the Fourteenth Amendment to the Constitution of the

1

United States of America and Title 42 U.S.C. § 1983. Jurisdiction is founded on 28 U.S.C. § 1331 and 1343(1), (2), (3), (4) and the aforementioned statutory and constitutional provisions. Plaintiffs further invoke the pendent jurisdiction of this Court to consider claims arising under state law.

2.      Plaintiff ALEJANDRA SOLANO as Legal Guardian for G.S., A.S. and L.S., minors (the "Minor Children"). Plaintiff is the ex-wife of LUIS SOLANO, the Minor Children are children of LUIS SOLANO, and ALEJANDRA sues as an heir pursuant to N.R.S. 41.085 on behalf of the Minor Children.

3.      Defendant LAS VEGAS METROPOLITAN POLICE DEPARTMENT ("LVMPD") was and still is a law enforcement agency organized and existing under and by virtue of the laws of the State of Nevada. Defendant LVMPD operates the Clark County Detention Center and at all times relevant, was the employer of Defendants SGT. DAVID ASPIAZU, CORRECTIONS OFFICER BRADLEY TEMPLE; Corrections OFFICER PATRICK GRAY, and CORRECTIONS OFFICER EUGENE DIXON.

4.      Defendant SGT. DAVID ASPIAZU is and was at all times described in this Complaint, a police sergeant of the Las Vegas Metropolitan Police Department. Sergeant DAVID ASPIAZU was the immediate commanding officer of Defendant correctional officers and was responsible for their conduct.

5.      Defendants BRADLEY TEMPLE, PATRICK GRAY, and EUGENE DIXON are and were at all times relevant to the allegations contained in this complaint duly appointed police officers with the Las Vegas Metropolitan Police Department and were acting within the nature and scope of Defendant police officers' duties as members of the Las Vegas Metropolitan Police Department as correctional officers at the Clark County Detention Center. Defendant police officers are sued individually and in their official capacities as police officers employed by the Las Vegas Metropolitan Police Department.

6.      At all times relevant hereto and in all their actions described herein, all Defendants acted under color of law, of a statute, ordinance, regulation, custom, or usage, and all Defendants acted pursuant to their respective authorities as sergeant(s) and police officers of the Las Vegas Metropolitan Police Department.

7.     Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as DOE OFFICERS I through X, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiffs allege that each named Defendant herein designated as DOE OFFICERS I through X is negligently, willfully, contractually or otherwise legally responsible for the events and happenings herein referred to and proximately caused injury and damages thereby to Plaintiffs, as herein alleged. Plaintiffs will ask leave of the Court to amend this Complaint to insert the true names and capacities of such Defendants when same have been ascertained and will further ask leave to join said Defendants in these proceedings.

8.     That the true names and capacities, whether individual, corporate, associate, partnership or otherwise of Defendants herein designated as DOES XI through XX and ROE CORPORATIONS XXI through XXX are not known to Plaintiffs, who therefore sues said Defendants by such fictitious names. Plaintiffs herein allege that each named Defendant herein designated as a Roe is in some manner negligently, willfully, maliciously, contractually, vicariously or otherwise legally responsible for the events and happenings herein referred to and proximately caused damage sustained by Plaintiffs who have been damaged as a result thereof. Plaintiffs will ask leave of this Court to insert the true names and capacities of such Defendants when the same have been ascertained and will further ask leave to join said Defendants in these proceedings.

9.     At all times relevant to this Complaint, all of the actions of the Defendants LAS VEGAS METROPOLITAN POLICE DEPARTMENT, SGT. DAVID ASPIAZU, CORRECTIONS OFFICER BRADLEY TEMPLE; CORRECTIONS OFFICER PATRICK GRAY, and CORRECTIONS OFFICER EUGENE DIXON, DOE OFFICERS I through X, (hereinafter sometimes referred to as "Official Defendants") were performed under color of state law and pursuant to their authority as law enforcement officers.

**FACTUAL ALLEGATIONS**

10.    On or about February 21, 2013, Solano was booked into the Clark County Detention Center.

11.    Solano suffered from anxiety and other medical issues that required the timely and regularly administration of medication.

12. During his booking/screening, Solano informed [non-party] NaphCare employees that he suffered from anxiety and had been prescribed Xanax, a benzodiazepine, for his anxiety. Solano had been using Xanax for a period of five years at a dosage of 4mg per day. Solano further informed NaphCare that his last dosage of his prescribed Xanax was within the previous 24 hours. NaphCare employees informed Solano that he could fill out a "KITE" request in order to obtain his medications.

13. On February 23, 2013, Solano filled out a KITE request stating he was suffering from anxiety and that he needed his medication. On February 24, 2013, NaphCare informed Solano that they do not provide medications for anxiety and he should attempt to exercise to relieve his anxiety.

14. Late in the night of February 24, 2013 and the early morning of February 25, 2013, Solano allegedly began to make a disturbance in his cell, prompting a LVMPD corrections officer to approach Solano and tell him to be quiet.

15. In the morning on February 25, 2013, LVMPD corrections officers called a NaphCare employee to remove Solano because he was being disruptive and not following directions.

16. When the NaphCare employee's arrived to transfer Solano, Solano was restrained in a chair in the sally port and Solano informed the NaphCare employee that he had experienced recent suicidal thoughts and thoughts about harming others, an overt sign of benzodiazepine withdrawal.

17. The Naphcare employee noted that Solano's leg was shaking during the interview and that he appeared to not be aware of his surroundings, another overt sign of benzodiazepine withdrawal.

18. Despite being informed of this information, the NaphCare employee interviewing Solano assessed an alteration in thought process due to an unknown cause.

19. Solano's change in demeanor over the course of his detention was caused by the serious medical issue of benzodiazepine withdrawal.

20. The Defendants, and each of them, knew or should have been aware of the need to treat Solano for benzodiazepine withdrawal.

21. The personnel at the Clark County Detention Center, including Defendant LVMPD, did not provide Solano with any treatment for his withdrawal symptoms.

22. It was reasonably foreseeable that Solano would undergo an adverse reaction if he was not

4

treated for withdrawal symptoms especially considering his usage and dosage history. Although Solano obviously needed immediate medical attention, the Defendants were deliberately indifferent to Solano's serious medical needs as a result of LVMPD's policy, practice, and/or custom.

23. Defendants were aware that Solano was prescribed anxiety medication and that Solano needed this anxiety medication daily; However, Defendants refused to provide Solano with his prescribed medication even after Solano specifically requested it.

24. Upon information and belief, during Solano's reaction, the Defendant Correctional Officers understood Solano's reaction as being uncooperative, and a struggle ensued.

25. Defendants Aspiazu, Temple, Gray, and Dixon commenced to assault, batter, and otherwise detain Solano.

26. After the Officers tackled Solano facedown, Aspiazu knelt on top of Solano so as to keep his upper torso pinned while Temple, Dixon, and Gray hog-tied him by handcuffing his arms behind his back and pinning his legs to his buttocks. Solano continued moving even after he was on the ground, and the Officers shouted at him to "stop resisting."

27. As this was happening, Solano gasped, "I can't breathe."

28. Solano nevertheless remained pinned to the ground while Aspiazu briefed back-up officers he had called in to relieve Temple, Dixon, and Gray.

29. The physical encounter lasted about three minutes, after which jail personnel noticed that Solano was unconscious and struggling to breathe.

30. The Defendant correctional officers, Sgt. David Aspiazu, Corrections Officer Bradley Temple, Corrections Officer Patrick Gray, and Corrections Officer Eugene Dixon used excessive force against Solano and placed Solano in a position that restricted Solano's breathing, ultimately resulting in Solano's untimely death.

31. The Defendants acted with a purpose to harm Solano that was unrelated to legitimate law enforcement objectives.

32. Solano was already handcuffed and lying prone in a 'hogtied' position on the ground in a secured room in CCDC when Defendants proceeded to choke him to death.

33. Solano was not a flight risk or a danger to others once he was handcuffed and lying prone in

5

a 'hogtied' position on the ground.

34. It was not necessary for Defendants to apply or continue or tighten a chokehold on Solano in performance of their official duties.

35. Solano was already restrained and immobilized in the depths of a secure jail facility when the chokehold was applied and continued in force; the chokehold applied by Defendants was exerted in anger and was intended to injure Solano.

36. Solano was taken to UMC medical center in critical condition.

37. Solano never regained consciousness.

38. On March 6, 2013, Solano passed away.

39. LVMPD did not attend to Solano's needs; As a result, the Official Defendants reacted to Solano's adverse reaction by tackling him to the ground and using excessive force thereby causing his untimely and unnecessary death.

40. Defendants remained deliberately indifferent to Solano's serious medical needs of which they were informed or otherwise had or should have had knowledge.

41. On or about July 3, 2013, the Clark County Coroner released its initial report identifying Solano's death as a homicide.

42. The Clark County Coroner ultimately wrote that the cause of Solano's death was "positional asphyxia" caused by "restraint procedures" employed by the Officers.

43. On February 25, 2013, Solano posed no actual threat to the Defendants when he was beaten and assaulted; restraint by four officers on top of Solano at once was not necessary.

44. Upon information and belief, the Defendants Sgt. David Aspiazu, Corrections Officer Bradley Temple, Corrections Officer Patrick Gray, and Corrections Officer Eugene Dixon, and DOE OFFICERS I through X were at this time performing their duties as officers for LVMPD and the Clark County Detention Center.

//

//

6

## FIRST CAUSE OF ACTION

*(Violation of Plaintiff's Civil Rights-Familial Relationships,*

*42 U.S.C. § 1983, as against all Defendants)*

45. Plaintiff hereby incorporates and re-alleges every allegation contained in this Complaint, and further alleges as follows:

46. The Official Defendants, and each of them, acting under color of state law, deprived the Minor Children right to a familial relationship without due process of law by seizing Decedent, and by using unreasonable, unjustified and excessive force, causing injuries which resulted in Decedent's death, and in violation of his rights, privileges and immunities secured by the Fourteenth Amendment to the United States Constitution, all to said Plaintiff's damage as hereinabove alleged.

47. Furthermore, the Official Defendants, and each of them, acting under color of state law, deprived Plaintiff, as Guardian of the Minor Children, her right to a familial relationship without due process of law by refusing to provide Decedent with his prescribed anxiety medication, refusing to treat Decedent for benzodiazepine withdrawals, and by being deliberately indifferent to Decedent's serious medical needs, and the right to be free from use of excessive force, in violation of the rights, privileges and immunities secured by the Fourteenth Amendment to the United States Constitution, all to said Plaintiff's damage as hereinabove alleged.

48. Defendants intended to harm Solano by applying and tightening a chokehold to Solano's neck even <u>after</u> he was already handcuffed and lying prone in a 'hogtied' position on the ground, with four officers on top of his body, in a secure room in a high security facility.

49. That as a proximate result of the foregoing wrongful acts of Defendants, and each of them, and of the death of Decedent, Plaintiff Carmen, individually and as special administrator of the estate, and Plaintiff has been deprived of society, love, comfort, companionship, financial support, emotional support and support services of the Decedent.

50. The wrongful and unlawful acts perpetrated by the Defendants, and each of them, in intentionally disregarding the constitutional rights of Decedent and his Minor Children were willful, oppressive, malicious and performed with a wanton disregard for the established rights of said Plaintiffs and the Decedent.

51. The actions of the Defendants in their official conduct shock the conscience.

52. As a result of Defendants' actions, it has been necessary for said Plaintiff to retain the services of RYAN ALEXANDER, CHTD., a duly licensed and practicing attorney in the State of Nevada, to file this action and Defendants should be required to pay reasonable attorney's fee to Plaintiff.

## SECOND CAUSE OF ACTION

*(Violation of Plaintiffs Civil Rights - Monell Liability 42 U.S.C. § 1983 as against Defendant LVMPD)*

53. Plaintiff hereby incorporates and re-alleges every allegation contained in this Complaint, and further alleges as follows:

54. Defendants intended to harm Solano by applying and tightening a chokehold to Solano's neck even after he was already handcuffed and lying prone in a 'hogtied' position on the ground, with four officers on top of his body, in a secured room in CCDC.

55. Plaintiff further alleges, upon information and belief, that it is the policy, practice and custom of Defendant LVMPD, its supervisors, and its officers to tolerate and ratify the use of unreasonable and excessive force by its police officers, employees and agents.

56. Upon information and belief, that it is the policy, practice and custom of Defendant LVMPD to inadequately hire, train and supervise its officers, agents and employees in positional asphyxia and excessive force in general.

57. Upon information and belief, there have been numerous prior incidents in which law enforcement officers for LVMPD engaged in unreasonable use of excessive force.

58. Upon information and belief, Defendant LVMPD was aware of such prior incidents and with deliberate indifference have failed to adequately train, warn, supervise or discipline officers concerning the use of excessive force.

59. Upon information and belief, the failure of Defendant LVMPD to adequately train, supervise or discipline officers constituted a de facto policy causing a custom and practice of law enforcement officers for LVMPD engaging in unreasonable use of excessive force.

60. Upon information and belief, Defendant LVMPD's training program has resulted in a pattern of tortious conduct by inadequately trained officers.

61. Upon information and belief, this lack of proper training was the moving force behind Solano's death.

62. Upon information and belief, the just-noted failures, de facto policy, and custom and practice were the moving force and proximate cause of the violation of the Constitutional rights of Solano as herein alleged.

63. Further, Defendant LVMPD acted under color of law in refusing to provide Solano with his prescribed anxiety medication, refusing to treat Solano for benzodiazepine withdrawals, and by being deliberately indifferent to Solano's serious medical needs, therefore depriving Plaintiffs and Decedent of the constitutional right to receive adequate medical care arising under the Due Process Clause of the Fourteenth Amendment.

64. That LVMPD employees were deliberately indifferent to Solano's serious medical need as a result of LVMPD above-described policies, practices, and/or customs because each individual with whom Solano communicated seemingly had no knowledge about his prior screening information, prescription medication information, KITE request, or progressing withdrawal symptoms.

65. That although Solano obviously needed immediate medical attention, the Defendants were deliberately indifferent to Solano's serious medical needs.

66. That the wrong and unlawful acts perpetrated by Defendants, and each of them, in intentionally disregarding the constitutional rights of the Plaintiffs and the Decedent were willful, oppressive, malicious and performed with a wanton disregard for the established rights of the Plaintiffs and the Decedent.

67. As a result of Defendants' actions, it has been necessary for said Plaintiff to retain the services of RYAN ALEXANDER, CHTD., a duly licensed and practicing attorney in the State of Nevada, to file this action and Defendants should be required to pay reasonable attorneys fee to Plaintiff.

…

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For compensatory damages in an amount in excess of $10,000.00;

2. For punitive damages in an amount deemed appropriate to punish those Defendants lawfully susceptible to punitive damages for their wrongful and egregious conduct;

3. For general damages in an amount in excess of $10,000.00;

4. For special damages;

5. For reasonable attorney's fees;

6. For cost of suit incurred herein; and

7. For such other and further relief as the Court deems just and proper.

Dated this 22nd of June, 2016.

RYAN ALEXANDER, CHTD.

_____
RYAN ALEXANDER
Nevada Bar No. 10845
3017 West Charleston Blvd., Ste. 58
Las Vegas, NV 89102
ECF Email: Ryan@RyanAlexander.us
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of Ryan Alexander Chtd., and on the 22nd day of June 2016, the foregoing SECOND AMENDED COMPLAINT was served by CM/ECF system upon:

Craig R. Anderson, Esq.
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
canderson@maclaw.com

*Attorneys for LVMPD Defendants*

/s/Ryan Alexander
_____
An Employee of Ryan Alexander, Chtd.